EILEEN R. RIDLEY, CA Bar No. 151735
    eridley@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104-1520
TELEPHONE: 415.434.4484
FACSIMILE:   415.434.4507

KIMBERLY A. KLINSPORT,  CA Bar No. 259018
    kklinsport@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE: 213.972.4500
FACSIMILE:   213.486.0065

Attorneys for Defendant BLUE CROSS
BLUE SHIELD OF ILLINOIS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH U., | ) Case No. 2:14-cv-03062-SVW-AJW |
| Plaintiff, | ) **PROTECTIVE ORDER** |
| vs. | ) Date:        November 17, 2014<br>) Time:        10:00 a.m. |
| TRIBUNE COMPANY MEDICAL PLAN AND BLUE CROSS BLUE SHIELD OF ILLINOIS, | ) Courtroom:  690<br>) Complaint Filed: April 22, 2014 |
| Defendants. | ) Judge:  Hon. Stephen V. Wilson |

[PROPOSED] PROTECTIVE ORDER
Case No. 2:14-cv-03062-SVW-AJW

4840-8543-7727.1

The Motion for Protective Order of Defendant Blue Cross Blue Shield of Illinois was heard on November 17, 2014 at 10:00 a.m., in Department 690 of the above-entitled Court. The appearance of counsel are noted in the Court's record.

Upon consideration of the papers and other documentary evidence submitted by the parties, as well as oral argument at the time of the hearing, and good cause appearing, the Court orders as follows:

Certain documents and information have been and may be sought, produced or exhibited by and between the parties in this proceeding (the "Proceeding"). Some of these documents relate to the parties' and non-parties' financial information, competitive information, personal health information ("PHI") (as defined in 45 C.F.R. § 160.103) or other types of sensitive information which the party making the production deems confidential ("Confidential Information"). To expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, it is hereby ORDERED that:

**1. <u>Scope</u>**

a.       This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party, including any non-party, in this Proceeding (the "Supplying Party") to any other party, including any non-party, (the "Receiving Party"), when the same is designated with the procedures set forth herein. This Order is binding upon the parties to the Proceeding, as well as their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order. This Order is also binding on and applies to all non-parties who either produce or receive documents or information in connection with this Proceeding.

b.       Under this Order, any Supplying Party shall have the right to identify and designate as "Confidential" any document or other information it produces or provides, or any testimony given in this Proceeding, which testimony or discovery material is

[PROPOSED] PROTECTIVE ORDER
Case No. 2:14-cv-03062-SVW-AJW

believed in good faith by that Supplying Party, and by the Supplying Party's counsel, to constitute, reflect or disclose trade secret or other confidential research, development, or commercial information, or personal health information, contemplated under Rule 26(c) of the Federal Rules of Civil Procedure ("Designated Material").

        c.     "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "Confidential" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed.

        d.     A party may designate as "Confidential" information in the possession of and supplied by a non-party if the information was transmitted to the non-party under an agreement or an obligation that it would remain confidential and the information otherwise complies with Paragraph 1(c).

        e.     Subject to Paragraph 12(c), all documents and other materials produced in this litigation shall be used only for purposes of this litigation whether or not a Supplying Party designates such documents or materials as "Confidential."

        f.     This protective order meets the requirements of a qualified protective order as defined in 45 C.F.R. Part 164.512(e)(1)(v) and pursuant to California Civil Code § 56 *et seq.*

**2.**    **Protected Health Information.**

        a.     <u>Protected Health Information</u>.  The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" ("PHI") pertaining to the health care claims at issue in this litigation to the extent and subject to the terms outlined herein, which shall be marked as "CONFIDENTIAL."

        1.     For the purposes of this Order, "PHI" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to health information including

[PROPOSED] PROTECTIVE ORDER
Case No. 2:14-cv-03062-SVW-AJW

4840-8543-7727.1

demographic information relating to (i) the past, present, or future physical or mental condition of an individual, (ii) the provision of care to an individual, or (iii) the past, present, or future payment for health care services provided to an individual which identifies the individual or which reasonably could be expected to identify the individual involved in a health insurance claim at issue in this litigation.

2.      All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose PHI pertaining to the claims at issue in this litigation to all attorneys now of record in this matter or who may become of record in the future of this litigation.

3.      The parties and their attorneys shall be permitted to use the PHI pertaining to the claims at issue in this litigation in any manner that is reasonably connected with the above-captioned litigation. This includes but is not limited to, disclosures to the parties, their attorneys of record, the attorneys' firm (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

4.      This Order shall not control or limit the use of PHI pertaining to the claims at issue in this litigation that comes into the possession of any party or any party's attorney from a source other than a "covered entity" (as that term is defined in 45 C.F.R. § 160.103).

5.      Nothing in this Order authorizes any party to obtain medical records or information through means other than formal discovery requests, subpoena, or deposition.

**3.      Designation of Confidentiality**

Documents or information may be designated CONFIDENTIAL within the meaning of this Order in the following ways:

a.      Specific documents produced by a Supplying Party shall, if appropriate, be

[PROPOSED] PROTECTIVE ORDER
Case No. 2:14-cv-03062-SVW-AJW

4840-8543-7727.1

designated as "Confidential" by marking the first page of the document and each subsequent page thereof containing Confidential Information with the legend: "CONFIDENTIAL."

b.      In the case of interrogatory answers and responses to requests for admissions, if appropriate, designation of Confidential Information shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "CONFIDENTIAL." The following legend shall be placed on each page of interrogatory answers or responses to requests for admission containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION."

c.      In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Confidential under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. After the expiration of the thirty (30) day period, the following legend shall be conspicuously placed on the front and back of any original deposition transcript, and on each copy thereof, which contains Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION." If portions of a videotaped deposition are designated as "CONFIDENTIAL," the videocassette or other videotape container shall be labeled with the same legend provided for in Paragraph 2(a).

d.      To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes)

[PROPOSED] PROTECTIVE ORDER
Case No. 2:14-cv-03062-SVW-AJW

("Computerized Material") is produced by any party in such form, the Supplying Party may designate such matter as "CONFIDENTIAL" by cover letter referring generally to such matter or by affixing to such media a label with the legend provided for in Paragraph 2(a) above. Whenever any party to whom Computerized Material designated as "CONFIDENTIAL" is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in Paragraph 2(a) above.

e.     To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program information designated CONFIDENTIAL, that party and/or its counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information, and will affix to any media containing such information a label with the legend provided for in Paragraph 2(a) above.

f.     The filing of any documents and materials with the Court containing or reflecting the contents of Confidential Information shall be governed by Local Rule 79-5.1. Each party shall use its best efforts to minimize filings that necessitate the filing of documents and materials designated Confidential under seal. Without written permission from the Supplying Party or a Court order, a party may not file in the public record in this action any designated material. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. If a Receiving Party's request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the Receiving Party may file the material in the public record unless (1) the Supplying Party seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

g.     Documents filed under seal may be unsealed at the Court's discretion.

[PROPOSED] PROTECTIVE ORDER
Case No. 2:14-cv-03062-SVW-AJW

4840-8543-7727.1

**4.**     <u>**Use of Confidential Information**</u>

Subject to Paragraph 12(c), Confidential Information shall not be used by any person, other than the Supplying Party, for any purpose other than conducting this Proceeding, *Noah U. v. Tribune Company Medical Plan and Blue Cross and Blue Shield of Illinois*, which is pending in the United States District Court for the Central District of California, and in no event shall such information be used for any business, competitive, personal, private, public or other purpose.

**5.**     <u>**Disclosure of Confidential Information**</u>

a.     The attorneys of record are responsible for employing *reasonable* measures, consistent with this Order, to control access to, and distribution of information designated "CONFIDENTIAL" pursuant to this Order.

b.     Subject to Paragraph 6 below, access to information designated "CONFIDENTIAL" pursuant to this Order shall be limited to the following persons:

1.     The parties, including outside and in-house counsel for the parties, as well as members and employees of their firms including but not limited to their paralegals, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this Proceeding.

2.     Outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this Proceeding.

3.     Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained, or sought to be retained, by counsel for a party in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such "CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding. This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential, personal health, or proprietary information.

[PROPOSED] PROTECTIVE ORDER
Case No. 2:14-cv-03062-SVW-AJW

4840-8543-7727.1

4.      Any fact witness, at the witness' deposition in this Proceeding, but only if counsel who discloses "CONFIDENTIAL" information to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Proceeding.

5.      Any person (a) who was involved in the preparation of the document or other tangible medium containing the Confidential Information and/or who is shown on the face of "CONFIDENTIAL" material to have authored or received the "CONFIDENTIAL" material sought to be disclosed to that person, or (b) who is specifically referenced by name and substantively discussed in the "CONFIDENTIAL" material, but only as to the specific material the person authored or received, or in which such person is referenced and discussed.

6.      This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

7.      Any other person to whom the Supplying Party agrees in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the Supplying Party explaining why the disclosure is necessary. If the Supplying Party does not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

**6.     Notification of Protective Order**

Confidential Information shall not be disclosed to a person described in Paragraphs 4(b)(ii), 4(b)(iii), 4(b)(iv), 4(b)(vii) unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A. The originals of an executed Agreement of Confidentiality shall be maintained by counsel for the party who obtained it until the final resolution of this litigation, and shall not be subject to discovery except upon motion on notice and a showing of good cause. This

prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts. At any deposition and absent the agreement of the parties, prior to the disclosure of any Confidential Information, the deponent shall be provided a copy of the form attached hereto as Exhibit B and shall be asked to affirmatively state on the record that he or she has received the form and consents to the restrictions contained within the Stipulated Protective Order, a copy of which shall be provided to the deponent.

**7.    Use of Confidential Information at Trial**

The rules and procedures governing the use of Confidential Information at trial shall be determined by the Court at the final pretrial conference.

**8.    Objections to Designations**

A party may, at any time, make a good faith challenge to the propriety of a Confidential Information designation. In the event a party objects to the designation of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the designating party, the objecting party may apply to the Court for a ruling that the material shall not be so designated. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If no such motion is made, the material will retain its designation. Any documents or other materials that have been designated "CONFIDENTIAL" shall be treated as Confidential until such time as the Court rules that such materials should not be treated as Confidential.

**9.    Preservation of Rights and Privileges**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any

[PROPOSED] PROTECTIVE ORDER
Case No. 2:14-cv-03062-SVW-AJW

4840-8543-7727.1

Confidential Information other than on the basis that it has been designated Confidential, or of any right which any party may have to assert such privilege at any stage of this litigation.

**10.**  **Return or Destruction of Materials**

Within sixty (60) business days after the final resolution of this litigation, all Confidential Information shall be returned to counsel for the party or non-party that produced it or shall be destroyed. As to those materials that contain or reflect Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the parties, or non-parties, shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to this Order.  Such materials may not be used in connection with any other proceeding or action. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Order and may not be used in connection with any other proceeding or action.

**11.**  **Inadvertent or Unintentional Disclosure**

A Supplying Party that inadvertently fails to designate discovery material as "Confidential" or mis-designates discovery material as "Confidential" pursuant to this Order at the time of its production shall be entitled to make a correction to its designation within a reasonable time of the discovery of the non- or mis-designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated. Those individuals who received the discovery material prior to notice of non- or mis-designation by the Supplying Party shall within five (5) days of receipt of the substitute copies, take reasonable steps to destroy or return to the law firm representing the Supplying Party all copies of such mis-designated documents. The obligation to treat such material pursuant to the corrected designation

[PROPOSED] PROTECTIVE ORDER
Case No. 2:14-cv-03062-SVW-AJW

4840-8543-7727.1

shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the Supplying Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

## 12.   **Other Provisions**

a.     The restrictions set forth in this Order shall not apply to documents or information designated Confidential that are publicly available or that are obtained independently and under rightful means by the Receiving Party, unless they became so due to a violation of this Order.

b.     A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

c.     Any party or person bound by this Order who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information shall immediately give written notice by electronic mail to counsel for the other party or person who produced the materials designated as Confidential. The written notice shall identify the materials sought and enclose a copy of the subpoena or other process, unless ordered otherwise by a court of competent jurisdiction. Nothing herein shall be construed to obligate the person subject to service or other process to make a motion or undertake other legal process, or to appear before any court or administrative body in opposition to a motion or other legal process seeking production of any Confidential materials, provided such person invokes, to the extent reasonably possible, the highest level of confidentiality available under applicable law, rule, regulation, court order, or other compulsory process, at the time of disclosure of such Confidential materials.

d.     This Order shall apply to non-parties who provide discovery, by deposition,

4840-8543-7727.1

production of documents or otherwise, in this litigation, if said non-party requests, in writing, the protection of this Order as to said non-party's Confidential Information and complies with the provisions of this Order.

e.      Upon the final resolution of this litigation (including conclusion of any appeal), this Order shall remain in effect and continue to be binding, unless expressly modified, superseded, or terminated by consent of all parties or by Order of the Court. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

f.      This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

g.      The Court may amend, modify or dissolve this Protective Order at any time.

IT IS SO ORDERED.

DATE:November 18,  2014          By:_____
                                 HON. ANDREW J. WISTRICH
                                 UNITED STATES MAGISTRATE JUDGE

[PROPOSED] PROTECTIVE ORDER
Case No. 2:14-cv-03062-SVW-AJW

4840-8543-7727.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

NOAH U.,

                    Plaintiff,

      vs.

TRIBUNE COMPANY MEDICAL PLAN
AND BLUE CROSS BLUE SHIELD OF
ILLINOIS,

                Defendants.

) Case No. 2:14-cv-03062-SVW-AJW
)
)
)
)
) Complaint Filed: April 22, 2014
)
) Judge:  Hon. Stephen V. Wilson
)
)
)
)

## CERTIFICATION

1.    My name is _____.

I live at _____.

I am employed as (state position) _____.

by (state name and address of employer) _____.

2.    I have read the Protective Order that has been entered in this case, and a copy of it
has been given to me.  I understand the provisions of this Order, and agree to comply
with and to be bound by its provisions.

3.    I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 201___.


                        by_____

                               (signature)

4840-8543-7727.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

[PROPOSED] PROTECTIVE ORDER
Case No. 2:14-cv-03062-SVW-AJW

4840-8543-7727.1

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH U.,<br><br>                              Plaintiff,<br><br>             vs.<br><br>TRIBUNE COMPANY MEDICAL PLAN<br>AND BLUE CROSS BLUE SHIELD OF<br>ILLINOIS,<br><br>                              Defendants. | Case No. 2:14-cv-03062-SVW-AJW<br><br><br><br>Complaint Filed: April 22, 2014<br><br>Judge:  Hon. Stephen V. Wilson |

## NOTICE TO DEPOSITION WITNESSES

You are being shown one or more documents which have been designated as "Confidential" pursuant to an Order of this Court.  Except for providing testimony at this deposition, you may not disclose these documents or their contents to any person other than the attorney who represents you at this deposition.  Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation.  In any event, you are prohibited from using them for any business, competitive, personal, private, public, or other non-litigation purpose.  The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court.  If you wish a complete copy of the Court Order, a copy will be provided to you upon request.

4840-8543-7727.1